UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ralph Wayne Angle,                                    Case No. 4:14 CV 2502

       Petitioner,                                  JUDGE JAMES G. CARR

  v.
                                                      ORDER
United States,

       Respondent.


*Pro se* Petitioner Ralph Wayne Angle filed the above-captioned Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  Petitioner is incarcerated in FCI Elkton, serving a 300 month sentence from his 1998 conviction in the Northern District of Indiana on charges of attempted receipt of child pornography, possession of child pornography, and attempted solicitation of a minor using the internet and telephone to engage in sexually prohibited activity.  In his Petition, he claims the Seventh Circuit Court of Appeals issued an opinion after he was convicted that more narrowly defined the term "sexually prohibited activity," making him no longer guilty of attempted solicitation of a minor.  He seeks reversal of his conviction on the third count, and retrial on the first and second counts.

## I. Background

Petitioner engaged in sexually explicit conversations through the internet with an individual he believed to be a thirteen-year old boy named Jeff.  The boy was actually an adult male, Ted

Gross, a Colorado resident who created the thirteen-year old boy persona after viewing his children's internet activities. Gross reported Petitioner to the FBI when Petitioner began engaging in online sexual chats and messaging with "Jeff." During these conversations, Petitioner engaged in grooming activities, offered to buy "Jeff" a camera so he could take pictures of himself, and attempted to solicit his address under the guise of sending him a birthday present. He told "Jeff" he loved him and would come to visit him in Colorado if he had his address.

Following a four day bench trial, Petitioner was convicted of three offenses: attempted receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2); possession of child pornography in violation of 18 U.S.C. § 2252(a)(2), and attempted solicitation of a minor, using the internet and telephone, to engage in sexually prohibited activity in violation of 18 U.S.C. § 2422(b). He was sentenced to 325 months. He appealed his conviction and sentence. The Seventh Circuit affirmed his conviction but vacated his sentence in 2003. The District Court resentenced Petitioner to 300 months.

Under federal law, child enticement under 18 U.S.C. § 2422(b), prohibits using interstate commerce to coerce a person under the age of eighteen to engage in any illegal "sexual activity" or to attempt to arrange such an encounter. Congress, however, did not define "sexual activity" as it is used in § 2422(b). On April 7, 2011, the Seventh Circuit decided in *United States v. Taylor*, 640 F.3d 255, 256-57 (7th Cir. 2011) that § 2422(b) only applies to defendants who engage or who intend to engage in interpersonal physical contact with children. *Id*. at 259-60. The defendant in *Taylor* argued he could not be charged under § 2422(b) because he never touched the child. Judge Posner agreed with Taylor, and reversed his conviction finding he did not have physical contact with the victim nor did he take actual steps toward engaging in physical contact with her.

Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255 on May 16, 2011. Two weeks later, he filed a supplement to his Motion to assert his actual innocence in light of the *Taylor* decision. He argued that his sexual chats, alone, no longer qualify as sexual activity under § 2422(b). The District Court for the Northern District of Indiana disagreed, finding in part, that Petitioner was convicted of attempting to violate § 2422(b) and took a substantial step toward committing the offense by repeatedly trying to get the victim's address, even offering to send money or gifts to get it, and indicating he would come to Colorado to meet with the victim. His Motion to Vacate under §2255 was denied on November 22, 2013. He appealed that decision to the United States Seventh Circuit Court of Appeals, the same court that issued the *Taylor* decision. The Appellate Court denied his request for a certificate of appealability and dismissed his appeal. The Supreme Court of the United States denied his Petition for a Writ of Certiorari on October 20, 2014.

## II.  Habeas Petition

Undeterred, Petitioner now files this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 asserting the same claim. He contends the Seventh Circuit's decision in *Taylor* redefined the term sexual activity to require actual physical contact with the victim. He asks this Court to vacate his conviction for violating § 2422(b) and order him to retried on the other two counts.

## III.  Standard of Review

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is

-3-

appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

Moreover, Petitions under 28 U.S.C. § 2241 may only be used by a federal prisoner seeking to challenge the execution or manner in which his sentence is served. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). Federal prisoners seeking to challenge their convictions or imposition of their sentences must pursue relief under 28 U.S.C. § 2255. *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979). The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Petitioner cannot raise claims in a § 2241 Petition when his attempts to obtain relief under §2255 for those claims was unsuccessful.

Section 2255 does contain a "safety valve" provision which permits a federal prisoner challenge his conviction or the imposition of his sentence under 28 U.S.C. § 2241, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997). The remedy under § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. *See e.g., Charles v. Chandler*, 180 F.3d 753, 756 (6th

Cir. 1999)(per curiam). The § 2255 remedy is not considered inadequate or ineffective, moreover, simply because § 2255 relief has already been denied, because the Petitioner is procedurally barred from pursuing relief under § 2255, or because the Petitioner has been denied permission to file a second or successive § 2255 Motion to Vacate. *Id.*

To fall within any arguable construction of the safety valve provision, a Petitioner must show that an intervening change in the law establishes his actual innocence. *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001). A valid assertion of actual innocence is more than a belated declaration that the prisoner does not believe his sentence is valid. Actual innocence suggests an intervening change in the law establishes a prisoner's actual innocence of a crime. *See Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003); *Peterman*, 249 F.3d at 462. Secondly, "actual innocence means factual innocence, rather than mere legal insufficiency." *Martin*, 319 F.3d at 804 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). In other words, Petitioner must point to a decision holding a substantive criminal statute no longer reaches certain conduct, i.e, that he stands convicted of "an act that the law does not make criminal." *Bousely*, 523 U.S. at 620 (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). *See, e.g., Bailey v. United States*, 516 U.S. 137 (prisoners convicted of "using" a firearm during a drug crime or violent crime found themselves innocent when Supreme Court redefined "use" in a restrictive manner).

### III. Analysis

Petitioner is clearly challenging the imposition of his sentence. He therefore cannot assert these claims in a § 2241 petition unless he demonstrates that the "safety valve" provision of 28 U.S.C. § 2255 is applicable to his case. Petitioner asserts that a change in the interpretation of § 2422(b) in the *Taylor* decision issued after his conviction renders him actually innocent of one of

-5-

the crimes for which he was convicted. While his claim could plausibly fit within the safety valve provision if the *Taylor* decision had been issued after Petitioner sought and was denied relief under § 2255, that was not the case here. The *Taylor* decision was issued before Petitioner filed his § 2255 Motion to Vacate, and Petitioner added it to the grounds he asserted in his Motion. The District Court for the Northern District of Indiana, and the Seventh Circuit Court of Appeals both considered the claim on its merits in the course of that § 2255 Motion and denied him relief. Having received a review of his claim on the merits under § 2255, Petitioner is not entitled to litigate the same claim in a different court under § 2241 in the hope of obtaining a different result.

## V. Conclusion

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, the Court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    S/James G. Carr
JAMES G. CARR
UNITED STATES DISTRICT JUDGE