UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ralph Wayne Angle,                                    Case No. 4:14 CV 2502

           Petitioner,                          JUDGE JAMES G. CARR

    v.

                                   <u>ORDER</u>
United States,

           Respondent.


On June 18, 2015, *pro se* Petitioner Ralph Wayne Angle filed an "Emergency Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241" in this case.  (ECF No. 8).  Petitioner filed this Emergency Petition after this Court dismissed his original Petition for a Writ of Habeas Corpus under § 2241 on June 11, 2015.  (ECF No. 6).   In his original Petition, he claimed he was entitled to release from prison on his 1998 conviction from the Northern District of Indiana because the Seventh Circuit Court of Appeals issued an opinion after he was convicted that more narrowly defined his crime. On June 11, 2015, this Court denied the Petition and dismissed this action, stating Petitioner could not raise this claim in a § 2241 Petition because he had previously raised it in his timely direct appeal and in a Motion to Vacate under 28 U.S.C. § 2255.  He does not have a remedy under § 2241 simply because his attempts to obtain relief under §2255 for his claim were unsuccessful.

Petitioner filed this "Emergency Petition" under § 2241 asserting an entirely new legal

theory for his release from prison.  In this Petition, he claims that in 1998, he was sentenced to terms of imprisonment beyond the statutory limits in place at the time of his conviction.  He was convicted of violating 18 U.S.C. §§ 2252(a)(2), 2252(a)(4)(B), and 2422(b).  He was sentenced originally to 325 months, which included sentencing enhancements under the guidelines for sexual abuse, having a victim under the age of sixteen, and having a criminal history that did not accurately reflect the seriousness of the past criminal conduct.  His sentence later was reduced to 300 months by the sentencing court on remand from the Seventh Circuit Court of Appeals.  Petitioner now contends that the United States District Court for the Northern District of Indiana misread the statutes under which he was convicted, and exceeded the statutory maximum when it sentenced him in 1998 and in 2003.  He once again demands immediate and unconditional release from custody.

In this case, Petitioner does not assert any of the grounds that would cause this Court to reconsider its dismissal of this case.  Although Petitioner may have attempted to include this claim in his original Petition, the Court did not specifically address it in its Memorandum of Opinion.  Nevertheless, the same rational asserted in the Memorandum of Opinion for denying the claim asserted in the original Petition applies equally to this claim.

Petitions under 28 U.S.C. § 2241 may only be used by a federal prisoner seeking to challenge the execution or manner in which his sentence is served.  *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977).  Federal prisoners seeking to challenge their convictions or imposition of their sentences must pursue relief under 28 U.S.C. § 2255.  *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979).  The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255.  *See Bradshaw v.*

-2-

*Story*, 86 F.3d 164, 166 (10th Cir. 1996).  Petitioner cannot raise claims in a § 2241 Petition when his attempts to obtain relief under §2255 for those claims was unsuccessful.

Section 2255 does contain a "safety valve" provision which permits a federal prisoner challenge his conviction or the imposition of his sentence under 28 U.S.C. § 2241,  if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997).  The remedy under § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision.  *See e.g., Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999)(per curiam).  The § 2255 remedy is not considered inadequate or ineffective, moreover, simply because § 2255 relief has already been denied, because the Petitioner is procedurally barred from pursuing relief under § 2255, or because the Petitioner has been denied permission to file a second or successive § 2255 Motion to Vacate.  *Id.*

To fall within any arguable construction of the safety valve provision, a Petitioner must show that an intervening change in the law establishes his actual innocence.  *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001).  A valid assertion of actual innocence is more than a belated declaration that the prisoner does not believe his sentence is valid.  Actual innocence suggests an intervening change in the law establishes a prisoner's actual innocence of a crime.  *See Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003); *Peterman*, 249 F.3d at 462.  Secondly, "actual innocence means factual innocence, rather than mere legal insufficiency."  *Martin*, 319 F.3d at 804 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).  In other words, Petitioner must point to a decision holding a substantive criminal statute no longer reaches certain conduct, i.e, that he stands convicted of "an act that the law does not make criminal."  *Bousely*, 523 U.S. at 620 (quoting *Davis*

-3-

*v. United States*, 417 U.S. 333, 346 (1974)).  *See, e.g., Bailey v. United States*, 516 U.S. 137 (prisoners convicted of "using" a firearm during a drug crime or violent crime found themselves innocent when Supreme Court redefined "use" in a restrictive manner).

Petitioner is clearly challenging the imposition of his sentence.  He therefore cannot assert these claims in a § 2241 Petition unless he demonstrates that the "safety valve" provision of 28 U.S.C. § 2255 is applicable to his case.  Simply put, he cannot.  He is challenging the sentence delivered by the sentencing court under the law in effect at that time.  He challenged his sentence successfully on direct appeal and got it reduced from 325 months to 300 months.  There is no reason why Petition could not have asserted this claim on direct appeal.  Petitioner also filed his § 2255 Motion to Vacate, and could have asserted this claim in that Motion to the extent it would have been proper.  Petitioner is not entitled to litigate this claim under § 2241 simply because he did not think to assert it until now.

### V.  Conclusion

Accordingly, Petitioner's Emergency Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 8) is denied.  The Court finds no basis to reopen this case.  Further, the Court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

 s/James G. Carr
_____
JAMES G. CARR
UNITED STATES DISTRICT JUDGE

-4-